UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE McGRATH KAMRASS, | ) | CASE NO. 1: 17 CV 964 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| JEFFERIES, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on Plaintiff's Motion to Remand and for an Award of Costs, Expenses and Attorney Fees. (ECF #5) Defendants Jefferies LLC, Jefferies and Company, Inc. and John Laub ("Defendants") have filed a brief in opposition, Plaintiff has filed a reply brief and Defendants were granted leave to file a sur-reply brief. Plaintiff has filed a Motion to Strike Defendants' Opposition brief because it was 4 pages longer than local rule permits. (ECF #11) Defendants filed an Opposition to the motion to strike and attached a 15 page version of their brief in opposition to the motion to remand. As no one was prejudiced by Defendants' violation of the local rule page limit, Plaintiff's Motion to Strike (ECF #11) is denied. Plaintiff's Motion to Remand is now fully briefed and ready for decision.

**PROCEDURAL AND FACTUAL HISTORY**

Defendants Jefferies LLC, Jefferies & Company, Inc., and John Laub (collectively, "Defendants") removed this action from the Court of Common Pleas for Cuyahoga County, Ohio on May 8, 2017[1]. Defendants assert that this Court has diversity jurisdiction pursuant to 28

---
[1] Defendant Jefferies Investments, LLC has not filed an answer and no lawyer has entered

U.S.C. § 1332 over this action if the citizenship of improperly joined defendant Jefferies Investments, LLC is ignored. Defendants claim that Jefferies Investments was improperly joined as a defendant in order to defeat jurisdiction. Otherwise, there is complete diversity between Plaintiff and the moving defendants and the amount in controversy exceeds $75,000.

Plaintiff Christine McGrath Kamrass is a citizen of Ohio. She brought suit against her employer and her supervisor, John Laub, under Ohio R.C.§ 4112 alleging claims of Sex/Caregiver Discrimination (Count One); Age Discrimination (Count Two) and Sex Plus/Age Plus Discrimination (Count Three). Specifically, Plaintiff identifies the Defendants as follows: (1) Jefferies, LLC, a Delaware corporation headquartered in New York, NY; (upon information and belief, Jefferies LLC is a successor in interest to Jefferies & Company, Inc); (2) Jefferies & Company, Inc., a Delaware corporation with a principal place of business in New York; and (3) Jefferies Investments, LLC, an Ohio limited liability company. (Upon information and belief, Jefferies Investment is a wholly owned subsidiary of Jefferies, LLC and/or Jefferies & Co., which was created for the particular purpose of developing and conducting business in Ohio.); and (4) John Laub, a citizen of the State of New York.[2] (Compl. ¶¶ 2-4)

Plaintiff alleges upon information and belief that Jefferies & Company, Jefferies LLC and Jefferies Investments constitute a single employer/integrated entity because of the interrelated nature of the entities in areas such as corporate structure, record keeping, bank accounts, and equipment; the commonality of management amongst the organizations; the

---

an appearance on its behalf.

[2] The Complaint also includes unnamed defendants John/Jane Des 1-5 and XYZ Corporations 1-5, who will be disregarded for the purposes of this motion.

centralized nature of their human resources, employee relations and legal functions; and/or the fact that the entities share common ownership and financial control. (Id. ¶ 6) Thereafter, the Complaint refers to all the Jefferies entities as "Jefferies".

In their Notice of Removal, Defendants state that with the exception of Jefferies Investments, there is complete diversity among the parties. With respect to Jefferies Investments, LLC, Defendants state that it is "an entity presently unknown to the Defendants, whose members are presently unknown to Defendants and, therefore, its actual citizenship is likewise presently unknown...." (ECF #1 at 4) Defendants assert through the declaration of Michael J. Sharp, General Counsel of Jefferies LLC, that Jefferies Investments, LLC is not an appropriate party to this action because "at no time have Christine McGrath Kamrass or John Laub been employed by Jefferies Investments, LLC." (ECF #1, Ex. 2 at ¶6). Thus Defendants contend, Plaintiff has no reasonable cause of action against Jefferies Investments, LLC. Plaintiff began her employment with Jefferies & Company, Inc. in 2006, and following Leucadia National Corporation's acquisition of Jefferies Group, LLC in 2013, became an employee of Jefferies LLC. Further, since the start of his employment in 2014, John Laub has been an employee of Jefferies, LLC. (Id.)

Defendants state that Jefferies LLC is a limited liability company and therefore has the citizenship of each of its members. At the end of a long line of LLCs with one member, is Leucadia National Corporation, which is incorporated in New York with its principal place of business in New York. Defendants state that Jefferies LLC has the same citizenship as Leucadia National. (Id. at 3).

Defendants confirm that John Laub is a citizen of New York and that Jefferies &

3

Company, Inc. was the predecessor to Jefferies LLC and that Jefferies & Company, Inc. was a for profit corporation formed under the laws of the State of Delaware, with its principal place of business in New York. (Id.)

Plaintiff has filed a Motion to Remand (ECF #5), buttressing the allegations in her Complaint regarding the connections of Jefferies Investments to the other Jefferies entities with her declaration and asserting that under the applicable standards of review, remand is appropriate. Defendants disagree.

## **STANDARD OF REVIEW**

In order for this Court to have diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1), the matter in controversy must exceed the sum or value of $75,000 and be between citizens of different states. Moreover, the plaintiff's citizenship must be diverse from that of each named defendant. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The amount in controversy is not in question. The only issue here is whether Jefferies Investments, LLC was fraudulently joined by Plaintiff in order to defeat diversity jurisdiction.

A defendant seeking to remove an action from state court has the burden of demonstrating that the federal court has subject matter jurisdiction. *See Danca v. Private health Care Systems, Inc*., 185 F.3d 1,4 (1st Cir. 1999). Moreover, courts strictly construe the removal statutes and all doubts are construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109, 61 S. Ct. 868, 872, 85 L.Ed. 1214 (1941), *Keller v. Honeywell Protective Services*, 742 F. Supp. 425, 426 (N. D. Ohio 1990). Strict construction of the removal statutes is necessary because removal jurisdiction encroaches on a state court's jurisdiction. Thus, the Sixth Circuit has stated:

4

> in the interest of comity and federalism, federal jurisdiction should
> be exercised only when it is clearly established, and any ambiguity
> regarding the scope of §1446(b) should be resolved in favor of
> remand to the state courts.

*Brierly, v. Alusuisse Flexible Packaging, Inc*., 184 F.3d 527, 534 (6th Cir.1999).

"Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action." *Walker v. Philip Morris USA, Inc*., 443 Fed. Appx. 946(6th Cir. 2011)(citing *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904. 907 (6th Cir. 1999). The burden is on the removing defendant to show fraudulent joinder, and, as with any dispute over removal, all doubts are to be resolved against removal. *Alexander v. Elec. Data Sys. Corp*., 13 F.3d 940, 949 (6th Cir. 1994). To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. The Sixth Circuit has instructed trial courts to analyze claims of fraudulent joinder as follows:

> [T]he removing party must present sufficient evidence that a
> plaintiff could not have established a cause of action against non-
> diverse defendants under state law. However, if there is a
> colorable basis for predicting that plaintiff may recover against
> non-diverse defendants, this Court must remand the action to state
> court. The district court must resolve all disputed questions of fact
> in favor of the non-removing party. All doubts as to the propriety
> of removal are resolved in favor of remand.

*Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Further, when deciding a motion to remand including fraudulent joinder allegations, the court may "may 'pierce the pleading' and consider summary judgment evidence, such as affidavits presented by the parties...The court may look to material outside the pleadings for the limited purpose of determining whether there are "undisputed facts that negate the claim." *Casias v. Wal-Mart*

5

*Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) citing *Walker v. Philip Morris USA, Inc.*, 443 Fed. Appx. 946, 955-56 (6th Cir. 2011).

> [T]he underlying inquiry into fraudulent joinder is similar to the inquiry into a motion to dismiss under Fed.R.Civ.P. 12(b)(6), but is even more deferential to the Plaintiffs. *See Little v. Purdue Pharma, L.P.,* 227 F.Supp.2d 838, 845-46 (S.D.Ohio 2002) (citations omitted). Given the deference in a fraudulent joinder inquiry, the *Little* court held that a colorable claim existed if there was a basis for the claim in the laws of the state where the claim was brought. *Little,* 227 F.Supp.2d at 847. **The inquiry into whether facts of the case actually support the claim is not a jurisdictional issue, but is "more appropriately left for the court which ultimately takes control of the case**." *Id.*

*Leikin Oldsmobile, Inc. v. Sentry Select Insurance Co.*, No. 1: 08 CV 1695, 2008 WL 4686170 at *2 (N.D. Ohio Oct. 22, 2008) (emphasis added.)

The plaintiff's *motive* in joining a non-diverse defendant "is immaterial to [the] determination regarding fraudulent joinder." *Auto-By-Tel, L.L.C.,* 176 F.3d 904 at 907; *see also Harris v. Great Lakes Steel Corp.,* 752 F.Supp. 244, 246 n. 4 (E.D.Mich.1990) ("[t]he proper inquiry is whether there is any reasonable basis for asserting a claim against a defendant, not whether the plaintiff's motive in joining a defendant is to destroy diversity"). Similarly, whether the plaintiff will ultimately recover against the removing defendant is also immaterial.

## DISCUSSION

The only question before the Court at this point of the proceedings is whether Plaintiff has asserted sufficient factual allegations to establish a "colorable" claim against the non-diverse Defendant Jefferies Investments LLC. Plaintiff acknowledges that she was hired by Jefferies & Company, Inc. and that following the acquisition of Jefferies & Company by Leucadia National Corporation, became an employee of Jefferies LLC. Thus, for Plaintiff to assert a colorable employment discrimination claim against Jefferies Investments LLC under Ohio R.C. § 4112,

Plaintiff must allege facts, that, if accepted as true and with all inference taken in favor of Plaintiff, support the assertion that Jefferies LLC, Jefferies & Company and Jefferies Investments, LLC are a single employer.

Under the "single employer" or "integrated enterprise" doctrine, two companies may be considered so interrelated that they constitute a single employer subject to liability under employment discrimination laws. *Swallows v. Barnes & Noble Book Stores, Inc*., 128 F.3d 990, 993-94, (6th Cir. 1997). Courts examine the following four factors to determine if two (or more) entities should be treated as a single employer: (1) interrelation of operations, i.e., common offices, common record keeping, shared bank accounts and equipment; (2) common management, common directors and boards; (3) centralized control of labor relations and personnel; and (4) common ownership and financial control. *Id*. (citation omitted.) "None of these factors is conclusive, and all four need not be met in every case." *Id*. at 994. (citation omitted.)

Plaintiff makes the following allegations in her Complaint in support of single employer liability:

--Defendant Jefferies Investments, LLC is an Ohio limited liability company. Upon information and belief, Jefferies Investments, LLC is a wholly owned subsidiary of Jefferies, LLC and/or Jefferies & Company, Inc. which was created for the particular purpose of developing and conducting business in the State of Ohio and for other clients located in Ohio. Upon information and belief, all revenues earned by Jefferies Investments, LLC flow through to Jefferies, LLC and/or Jefferies & Company, Inc. As well, upon information and belief, Jefferies LLC, Jefferies & Company, Inc. and Jefferies Investments, LLC are served by centralized and

7

joint legal and human resources department....[and] served by common management officials. (Compl. § 4)

–Upon information and belief, under the "single employer" or "integrated entity" doctrine, Defendants Jefferies & Company, Inc., Jefferies, LLC and Jefferies Investments, LLC constitute a single employer/integrated entity given, among other things, the following factors: (1) the interrelated nature of the two entities in areas such as corporate offices and structure, record keeping, bank accounts, and equipment: (2) the commonality in management amongst these organizations in areas such as supervisory authority, directors, and boards; (c) the centralized nature of their human resources, employee relations, and legal functions; and/or (d) the fact that these entities share common ownership and financial control. (Id. ¶6)

–Plaintiff was hired in or about 2006 to work as a Senior Vice President in sales in [Jefferies & Company, Inc.]'s Prime Brokerage division. Jefferies employees are expected to cross sell and Ms. Kamrass assisted directly or indirectly in marketing the services of other Jefferies' divisions, including Jefferies Investments, LLC to her hedge fund client base. Ms. Kamrass had the opportunity to derive compensation for business directed toward other Jefferies divisions, including Jefferies Investments, LLC. (Id. ¶12)

Ms. Kamrass also submitted two declarations in which she explains the connections between the Jefferies entities. In her first declaration, Ms. Kamrass states:

"[B]y virtue of more than a decade of employment with Jefferies, LLC and its predecessor, Jefferies & Company, Inc., I have become familiar with the corporate structure of both entities and some of their respective parent corporations, subsidiaries and affiliated companies." (ECF #5-4 ¶ 4)

8

"[I]t is my understanding that Jefferies Investments, Inc. was organized by or in association with Jefferies & Company, Inc. for the purpose of pursuing public finance and bond work in the State of Ohio. I understand that without maintaining an Ohio entity, Jefferies & Company, Inc. would be unable to pursue such business." (Id. ¶ 5) In her second declaration, Ms. Kamrass states that when it was announced that the Cleveland office would be closing, she inquired if she would be reassigned to work under the supervision of Jefferies' office in Chicago, such that her work location would remain in Ohio but her business address would be in Illinois. In response to that inquiry, a Jefferies employee, Aiko Nomura, who was involved with the logistics of the closure of the Cleveland office, conveyed to Ms. Kamrass the information set forth at paragraph 5 of her May 26, 2017 declaration above. (ECF #12-1 ¶ 1-3)

"It's is also my understanding that Jefferies Investments, LLC is part of the investment banking division of Jefferies LLC or falls under Leucadia Asset Management, a division of Leucadia National Corporation....these entities are ultimately under the leadership and management of Richard Handler, the Chief Executive Officer of both Jefferies LLC and Leucadia National Corporation. Likewise, it is my understanding that Jefferies Investments, LLC and Jefferies LLC and/or Jefferies & Company are served by common legal and human resources departments." (Id. ¶ 6)

Ms. Kamrass states that throughout her employment, she has been encouraged to cross sell services offered by other divisions of Jefferies and related companies to her clients. She references a referral she recently made to the co-head of Equity Capital Markets in the Investment Banking division of Jefferies LLC, emphasizing the integrated nature of the business offerings at Jefferies LLC, including the relationship between her Prime Brokerage division and

the Investment Banking arm through which Jefferies Investments LLC may operate. (Id. ¶ 9.)

Ms. Kamrass states that she regularly hears Jefferies employees make reference to "Jefferies Investments" and to services offered by Jefferies Investments since this lawsuit was filed. (Id. ¶8) She describes a recent meeting held by a high ranking Jefferies LLC employee to update the Prime Brokerage sales team regarding the Jefferies LLC balance sheet. She claims that the speaker discussed "Jefferies Investments" in the context of the balance sheets of both Jefferies LLC and Leucadia National Corporation. (Id. ¶ 10)

The facts alleged by Plaintiff in her Complaint and declarations, if taken as true with all inferences drawn in her favor, are sufficient to support a colorable claim against Jefferies Investments LLC under the single employer/integrated entity theory. However, in opposition Defendants offer a second declaration from Michael Sharp, the General Counsel for Jefferies LLC and Leucadia National Corporation. (ECF #10-1) Mr. Sharp asserts that Plaintiff is employed by Jefferies LLC; is paid by Jefferies LLC; her tax forms are issued from Jefferies LLC; and she gets her health insurance through Jefferies LLC. (Id. ¶3) More importantly, with respect to the alleged integration of Jefferies Investments LLC with the rest of the Jefferies entities, Mr. Sharp attaches a copy of the Jefferies Group organizational structure as of May 31, 2017, as well as the Leucadia organizational structure and asserts that there is no entity named Jefferies Investments LLC in either of those structures. (Id. ¶5) Mr. Sharp notes that there is an entity named Jefferies Investment Advisers, LLC that is part of the Group structure, but that entity is a Delaware LLC whose sole member is Jefferies Group LLC, with its principal place of business in New York. It is not a citizen of Ohio.

Negating any theory that Jefferies Investments LLC shares legal resources with Jefferies

LLC, Mr. Sharp states that as General Counsel of Leucadia, Jefferies Group LLC and Jefferies LLC, he has never serviced any entity named Jefferies Investments, LLC. (Id. ¶6) Mr. Sharp further notes that the Jefferies Employee Handbook, which applies to U.S. employees of Jefferies Group LLC and its subsidiaries and affiliates, makes no mention of Jefferies Investments LLC.

Defendants' submissions present sufficient evidence to show that Plaintiff can not establish a cause of action against Jefferies Investments LLC under an integrated entity theory. The undisputed evidence of the Defendants' structure demonstrates that Jefferies Investments LLC is not part of the Defendants' organizations and thus can not share any of the four factors in the *Swallows* test. As such, Plaintiff' employment discrimination claim against Jefferies Investments LLC is not colorable. Accordingly, Defendants have established that Jefferies Investments LLC was fraudulently joined. With the citizenship of Jefferies Investments LLC discounted, this Court has diversity jurisdiction over this action.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion to Remand (ECF #5) is denied.

IT IS SO ORDERED.

                                                           */s/Donald C. Nugent*
                                                          DONALD C. NUGENT
                                                          United States District Judge

DATED: September 25, 2017