UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| CHRISTINE McGRATH KAMRASS, | : | Hon. George B. Daniels, U.S.D.J. |
|  | : | Case No.:  1:17-CV-07465 |
| Plaintiff, | : |  |
|  | : | **DEFENDANTS JEFFERIES LLC,** |
| v. | : | **JEFFERIES & COMPANY, INC., AND** |
|  | : | **JOHN LAUB'S ANSWER TO** |
| JEFFERIES LLC, et al., | : | **PLAINTIFF'S THIRD AMENDED** |
|  | : | **COMPLAINT** |
| Defendants. | : |  |
|  | : |  |

Defendants Jefferies LLC, Jefferies & Company, Inc. and John Laub (collectively "Defendants") by and through the undersigned attorneys, hereby answer and respond to the allegations in Plaintiff Christine McGrath Kamrass' ("Plaintiff's") Third Amended Complaint as follows:

**PARTIES**

1.      Defendants admit that Plaintiff is female.   Upon information and belief, Defendants Jefferies LLC and Jefferies & Company, Inc. state that Plaintiff is over 40 years of age.   Defendant Laub does not have personal knowledge or information sufficient to form a belief as to Plaintiff's age.   Defendants do not have knowledge or information sufficient to form a belief as to whether Plaintiff has caregiving responsibilities for any minor children.   Further answering, Defendants specifically deny that Plaintiff's sex, age, or any other protected classification played any role whatsoever in any alleged adverse actions taken in connection Plaintiff's employment and also specifically deny that Plaintiff was subjected to any unlawful conduct on the basis of her sex, age, or any other protected classification.   Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff is a citizen of the State of Ohio and/or resides in Cuyahoga County, Ohio and therefore deny the same.   The

remaining allegations in Paragraph 1 of the Third Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 1 of the Third Amended Complaint.

2.     Defendants state that Jefferies LLC is a limited liability corporation with a principal place of business in New York, NY, that it is a successor to Jefferies & Company, Inc., and that it transacts business in Ohio.  Defendants deny that Jefferies LLC conducts business through Jefferies & Company, Inc. and/or  Jefferies Investments, Inc.  The remaining allegations in Paragraph 2 of the Third Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 2 of the Third Amended Complaint.

3.     Defendants state that Jefferies & Company, Inc. was a Delaware corporation with a principal place of business in New York, that it is registered with the Ohio Secretary of State, and that it was a predecessor to Jefferies LLC.  The remaining allegations in Paragraph 3 of the Third Amended Third Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 3 of the Third Amended Complaint.

4.     Defendants are without knowledge or information sufficient to form a belief as to whether Jefferies Investments, LLC is an Ohio limited liability company and therefore deny the same.  Defendants deny the remaining allegations in Paragraph 4 of the Third Amended Complaint.

5.     Defendants admit that John Laub is a citizen of the State of New York.  The remaining allegations in Paragraph 5 of the Third Amended Complaint state conclusions of law

to which no responsive pleading is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 5 of the Third Amended Complaint.

6.      Defendants deny the allegations in Paragraph 6 of the Third Amended Complaint.

7.      Paragraph 7 of the Third Amended Complaint purports to reserve rights to add additional parties.  To the extent Paragraph 7 asserts any factual allegations against Defendants, or any of their agents or representatives, Defendants deny all such allegations.  By way of further response, Defendants maintain that Plaintiff's right to add additional parties is governed strictly by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Orders of this Court.

## JURISDICTION AND VENUE

8.      The allegations in Paragraph 8 of the Third Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants state that this Court has jurisdiction over Plaintiff's claims.  Defendants deny any remaining allegations in Paragraph 8 of the Third Amended Complaint.

9.      The allegations in Paragraph 9 of the Third Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants state that this Court has jurisdiction over each of the Defendants, but that Defendants specifically deny any and all liability to Plaintiff.  Defendants deny the remaining allegations in Paragraph 9 of the Third Amended Complaint.

10.     Defendants state that this case was transferred to this Court based on Plaintiff's consent to the personal jurisdiction of the federal court in the state of New York with respect to matters related to her employment.  The remaining allegations in Paragraph 10 of the Third Amended Complaint state conclusions of law to which no responsive pleading is required.  To

the extent a response is required, Defendants deny the remaining allegations in Paragraph 10 of the Third Amended Complaint.  Further answering, Defendants state that this matter is now appropriately venued in the Southern District of New York for the reasons set forth in Defendants' Motion to Transfer Venue.

11.     The allegations in Paragraph 11 of the Third Amended Complaint state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Defendants state that this Court has asserted jurisdiction over this matter.  Further, responding, Defendants deny any and all liability to Plaintiff.

12.     The allegations in Paragraph 12 of the Third Amended Complaint state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Defendants state that this Court may assert jurisdiction over Plaintiff's Title VII and ADEA claims, but that those claims are unsupported by the evidence and are barred in part or in full by the applicable statutes of limitations.  Further responding, Defendants deny any and all liability to Plaintiff.

## **FACTUAL ALLEGATIONS**

13.     Defendants state that Plaintiff has been employed as a sales employee in the Prime Brokerage Division of Jefferies & Company, Inc. and, subsequently, Jefferies LLC, since 2006.  Defendants deny the remaining allegations in Paragraph 13 of the Third Amended Complaint.

14.     Defendants state that Plaintiff was hired by Jefferies & Company, Inc. in 2006 to work as a Senior Vice President in its Prime Brokerage Division.  Defendants deny the remaining allegations in Paragraph 14 of the Third Amended Complaint.

15.     Defendants state that Plaintiff has earned six-figure compensation annually during the course of her employment.  Defendants deny the remaining allegations in Paragraph 15 of the Third Amended Complaint.

16.     Defendants state that, as of April 7, 2017, the date this lawsuit was filed, Plaintiff was one of two female Senior Vice Presidents in the Prime Brokerage Division, and there were no female Managing Directors in the Prime Brokerage Division.  Defendants deny the remaining allegations in Paragraph 16 of the Third Amended Complaint.

17.     Defendants state that John Laub began employment with Jefferies LLC in July 2014 as the Co-Head of Global Prime Services and Head of Prime Brokerage; that in this position, he had direct supervisory authority over Plaintiff for a period thereafter; and that in this capacity, he participated in reviewing Plaintiff's performance.  Defendants deny any remaining allegations in Paragraph 17 of the Third Amended Complaint.

18.     Defendants deny the allegations in Paragraph 18 of the Third Amended Complaint.

19.     Defendants deny the allegations in Paragraph 19 of the Third Amended Complaint.

20.     Defendants deny the allegations in Paragraph 20 of the Third Amended Complaint.

21.     Defendants deny the allegations in Paragraph 21 of the Third Amended Complaint.

22.     Defendants deny the allegations in Paragraph 22 of the Third Amended Complaint.

23.     Defendants deny the allegations in Paragraph 23 of the Third Amended Complaint.

24.     Defendants deny the allegations in Paragraph 24 of the Third Amended Complaint.

25.     Defendants deny the allegations in Paragraph 25 of the Third Amended Complaint.

26.     Defendants deny the allegations in Paragraph 26 of the Third Amended Complaint.

27.     Defendants deny the allegations in paragraph 27 of the Third Amended Complaint.

28.     Defendants deny the allegations in Paragraph 28 of the Third Amended Complaint.

29.     Defendants deny the allegations in Paragraph 29 of the Third Amended Complaint.

30.     Defendants deny the allegations in Paragraph 30 of the Third Amended Complaint.

31.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 31 of the Third Amended Complaint and therefore deny the same.

32.     Defendants deny the allegations in Paragraph 32 of the Third Amended Complaint.

33.     Defendants deny the allegations in Paragraph 33 of the Third Amended Complaint.

34.     Defendants deny the allegations in Paragraph 34 of the Third Amended Complaint.

35.     Defendants state that Plaintiff did not earn a year-end bonus in 2015.  Defendants deny the remaining allegations in Paragraph 35 of the Third Amended Complaint.

36.     Defendants state that Plaintiff did not earn a year-end bonus in 2016. Defendants deny the remaining allegations in Paragraph 36 of the Third Amended Complaint as stated.

37.     Defendants deny the allegations in Paragraph 37 of the Third Amended Complaint.

38.     Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations in the first sentence of Paragraph 38 of the Third Amended Complaint, and as to what, if anything, Ms. Kamrass may have been "advised" by the individual alleged.  Defendants deny the remaining allegations in Paragraph 38 of the Third Amended Complaint.

39.     Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 39 of the Third Amended Complaint with regard to any alleged conversations Ms. Kamrass may have had.  Defendants deny the remaining allegations in Paragraph 39 of the Third Amended Complaint.

40.     Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 40 of the Third Amended Complaint with regard to any alleged conversations Ms. Kamrass may have had.  Defendants deny the remaining allegations in Paragraph 40 of the Third Amended Complaint.

41.     Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 41 of the Third Amended Complaint with regard to any alleged

conversations Ms. Kamrass may have had.   Defendants deny the remaining allegations in Paragraph 41 of the Third Amended Complaint.

42.     Defendants deny the allegations in Paragraph 42 of the Third Amended Complaint.

43.     Defendants state that Ms. Kamrass's performance in 2017 was better than her performance in 2016 largely due to the revenues of one client brought onto the Jefferies platform based on additional efforts of several other Jefferies employees; that Ms. Kamrass's total profit generated through new business for the year 2017 was the second highest among sales personnel in Jefferies Prime Brokerage Division, as reflected on Jefferies' Internal PNL New Business report for 2017; and that Ms. Kamrass's total profit generated through new business for the year 2017 exceeded that of two  younger, male comparator employees who were recent hires and employed by Jefferies LLC throughout 2017, one of whom was Craig Cohen.  Defendants deny the remaining allegations in Paragraph 43 of the Third Amended Complaint.

44.     Defendants state that Ms. Kamrass's 2017 total compensation was less than Craig Cohen's 2017 total compensation, only because of the inclusion of Mr. Cohen's one-time signing bonus.   Further answering, Defendants state that Ms. Kamrass's 2017 salary exceeded Mr. Cohen's 2017 salary, and that Ms. Kamrass also received a discretionary bonus in 2017, whereas Mr. Cohen did not.  Defendants deny the remaining allegations in Paragraph 44 of the Third Amended Complaint.

### COUNT ONE
### (Alleged Sex/Caregiver Discrimination — Ohio R.C. § 4112.02(A))

45.     In response to Paragraph 45 of the Third Amended Complaint, Defendants restate and incorporate their admissions, denials and statements in Paragraphs 1-44 of this Answer.

46.     The allegations in Paragraph 46 of the Third Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants state that, as a female, Plaintiff is a member of a protected class.  Further answering, Defendants specifically deny that Plaintiff's sex or any other protected classification played any role whatsoever in any alleged adverse actions taken in connection Plaintiff's employment and also specifically deny that Plaintiff was subjected to any unlawful conduct on the basis of her sex or any other protected classification.  Defendants deny the remaining allegations asserted against Defendants in Paragraph 46 of the Third Amended Complaint.

47.     The allegations in Paragraph 47 of the Third Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants state that Plaintiff possesses the qualifications for someone in her sales position, but is not "qualified" in the sense that she always meets the reasonable performance expectations of her employer.  Defendants deny the remaining allegations in Paragraph 47 of the Third Amended Complaint.

48.     Defendants deny the allegations in Paragraph 48 of the Third Amended Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Third Amended Complaint.

50.     Defendants deny the allegations in Paragraph 50 of the Third Amended Complaint.

51.     Defendants deny the allegations in Paragraph 51 of the Third Amended Complaint.

52.     Defendants deny the allegations in Paragraph 52 of the Third Amended Complaint.

53.     Defendants deny the allegations in Paragraph 53 of the Third Amended Complaint.

54.     Defendants deny the allegations in Paragraph 54 of the Third Amended Complaint.

55.     Defendants deny the allegations in Paragraph 55 of the Third Amended Complaint.

## COUNT TWO
### (Alleged Age Discrimination — R.C. § 4112.02)

56.     In response to Paragraph 56 of the Third Amended Complaint, Defendants restate and incorporate their admissions, denials, and statements in Paragraphs 1-55 of this Answer.

57.     Upon information and belief, Defendants Jefferies LLC and Jefferies & Company, Inc. state that Plaintiff is over 40 years of age.  Defendant Laub does not have personal knowledge or information sufficient to form a belief as to Plaintiff's age.  Further answering, Defendants specifically deny that Plaintiff's age or any other protected classification played any role whatsoever in any alleged adverse actions taken in connection Plaintiff's employment and also specifically deny that Plaintiff was subjected to any unlawful conduct on the basis of her age or any other protected classification.  Defendants deny the remaining allegations in Paragraph 57 of the Third Amended Complaint.

58.     Defendants deny the allegations in Paragraph 58 of the Third Amended Complaint.

59.     Defendants deny the allegations in Paragraph 59 of the Third Amended Complaint.

60.     Defendants deny the allegations in Paragraph 60 of the Third Amended Complaint.

61.     Defendants deny the allegations in Paragraph 61 of the Third Amended Complaint.

62.     Defendants deny the allegations in Paragraph 62 of the Third Amended Complaint.

63.     Defendants deny the allegations in Paragraph 63 of the Third Amended Complaint.

64.     Defendants deny the allegations in Paragraph 64 of the Third Amended Complaint.

## COUNT THREE
### (Alleged Sex Plus/Age Plus Discrimination — R.C. § 4112.02)

65.     In response to Paragraph 65 of the Third Amended Complaint, Defendants restate and incorporate their admissions, denials and statements in Paragraphs 1-64 of this Answer.

66.     The allegations in Paragraph 66 of the Third Amended Complaint state a conclusion of law to which no response is required.  To the extent a response is required, Defendants state that Plaintiff is female, and Defendants Jefferies LLC and Jefferies & Company, Inc. state that Plaintiff is over 40 years of age.  Defendant Laub does not have personal knowledge or information sufficient to form a belief as to Plaintiff's age.  Further answering, Defendants specifically deny that Plaintiff's sex, age, or any other protected classification played any role whatsoever in any alleged adverse actions taken in connection Plaintiff's employment and also specifically deny that Plaintiff was subjected to any unlawful conduct on the basis of her sex, age, or any other protected classification. Defendants deny the remaining allegations in Paragraph 66 of the Third Amended Complaint.

67.     Defendants deny the allegations in Paragraph 67 of the Third Amended Complaint.

68.     The allegations in Paragraph 68 of the Third Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants state that Plaintiff possesses the qualifications for someone in her sales position, but is not "qualified" in the sense that she always meets the reasonable performance expectations of her employer. Defendants deny the remaining allegations in Paragraph 68 of the Third Amended Complaint.

69.     Defendants deny the allegations in Paragraph 69 of the Third Amended Complaint.

70.     Defendants deny the allegations in Paragraph 70 of the Third Amended Complaint.

71.     Defendants deny the allegations in Paragraph 71 of the Third Amended Complaint.

72.     Defendants deny the allegations in Paragraph 72 of the Third Amended Complaint.

73.     Defendants deny the allegations in Paragraph 73 of the Third Amended Complaint.

74.     Defendants deny the allegations in Paragraph 74 of the Third Amended Complaint.

**COUNT FOUR**
**(Alleged Retaliation — Ohio R.C. § 4112.02)**

75.     In response to Paragraph 75 of the Third Amended Complaint, Defendants restate and incorporate their admissions, denials and statements in Paragraphs 1-74 of this Answer.

76.     Defendants deny the allegations in Paragraph 76 of the Third Amended Complaint.

77.     Defendants deny the allegations in Paragraph 77 of the Third Amended Complaint.

78.     Defendants deny the allegations in Paragraph 78 of the Third Amended Complaint.

79.     Defendants deny the allegations in Paragraph 79 of the Third Amended Complaint.

80.     Defendants deny the allegations in Paragraph 80 of the Third Amended Complaint.

81.     Defendants deny the allegations in Paragraph 81 of the Third Amended Complaint.

82.     Defendants deny the allegations in Paragraph 82 of the Third Amended Complaint.

## COUNT FIVE
### (Alleged Wrongful Discipline/Discharge in Violation of Public Policy)

83.     In response to Paragraph 83 of the Third Amended Complaint, Defendants restate and incorporate their admissions, denials, and statements in Paragraphs 1-82 of this Answer.

84.     Defendants deny the allegations in Paragraph 84 of the Third Amended Complaint.

85.     Defendants deny the allegations in Paragraph 85 of the Third Amended Complaint.

86.     Defendants deny the allegations in Paragraph 86 of the Third Amended Complaint.

87.     Defendants deny the allegations in Paragraph 87 of the Third Amended Complaint.

88.     Defendants deny the allegations in Paragraph 88 of the Third Amended Complaint.

89.     Defendants deny the allegations in Paragraph 89 of the Third Amended Complaint.

90.     Defendants deny the allegations in Paragraph 90 of the Third Amended Complaint.

91.     Defendants deny the allegations in Paragraph 91 of the Third Amended Complaint.

**COUNT SIX**
**(Alleged Sex/Caregiver Discrimination – Title VII)**

92.     In response to Paragraph 92 of the Third Amended Complaint, Defendants restate and incorporate their admissions, denials, and statements in Paragraphs 1-91 of this Answer.

93.     The allegations in Paragraph 93 of the Third Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants state that, as a female, Plaintiff is a member of a protected class.  Further answering, Defendants specifically deny that Plaintiff's sex or any other protected classification played any role whatsoever in any alleged adverse actions taken in connection Plaintiff's employment and also specifically deny that Plaintiff was subjected to any unlawful conduct on the basis of her sex or any other protected classification.  Defendants deny the remaining allegations asserted against Defendants in Paragraph 93 of the Third Amended Complaint.

94.     The allegations in Paragraph 94 of the Third Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent a response is

required, Defendants state that Plaintiff possesses the qualifications for someone in her sales position, but is not "qualified" in the sense that she always meets the reasonable performance expectations of her employer.  Defendants deny the remaining allegations in Paragraph 94 of the Third Amended Complaint.

95.     Defendants deny the allegations in Paragraph 95 of the Third Amended Complaint.

96.      Defendants deny the allegations in Paragraph 96 of the Third Amended Complaint.

97.      Defendants deny the allegations in Paragraph 97 of the Third Amended Complaint.

98.      Defendants deny the allegations in Paragraph 98 of the Third Amended Complaint.

99.      Defendants deny the allegations in Paragraph 99 of the Third Amended Complaint.

100.    Defendants deny the allegations in Paragraph 100 of the Third Amended Complaint.

101.     Defendants deny the allegations in Paragraph 101 of the Third Amended Complaint.

102.     Defendants deny the allegations in Paragraph 102 of the Third Amended Complaint.

## COUNT SEVEN
## (Age Discrimination - ADEA)

103.     In response to Paragraph 103 of the Third Amended Complaint, Defendants restate and incorporate their admissions, denials, and statements in Paragraphs 1-102 of this Answer.

104.     Upon information and belief, Defendants Jefferies LLC and Jefferies & Company, Inc. state that Plaintiff is over 40 years of age.  Defendant Laub does not have personal knowledge or information sufficient to form a belief as to Plaintiff's age.  Further answering, Defendants specifically deny that Plaintiff's age or any other protected classification played any role whatsoever in any alleged adverse actions taken in connection Plaintiff's employment and also specifically deny that Plaintiff was subjected to any unlawful conduct on the basis of her age or any other protected classification.  Defendants deny the remaining allegations in Paragraph 104 of the Third Amended Complaint.

105.     Defendants deny the allegations in Paragraph 105 of the Third Amended Complaint.

106.     Defendants deny the allegations in Paragraph 106 of the Third Amended Complaint.

107.     Defendants deny the allegations in Paragraph 107 of the Third Amended Complaint

108.     Defendants deny the allegations in Paragraph 108 of the Third Amended Complaint.

109.     Defendants deny the allegations in Paragraph 109 of the Third Amended Complaint.

110.     Defendants deny the allegations in Paragraph 110 of the Third Amended Complaint.

111.     Defendants deny the allegations in Paragraph 111 of the Third Amended Complaint.

## COUNT EIGHT
### (Sex-Plus/Age-Plus Discrimination – Title VII/ADEA)

112.     In response to Paragraph 112 of the Third Amended Complaint, Defendants restate and incorporate their admissions, denials, and statements in Paragraphs 1-111 of this Answer.

113.     The allegations in Paragraph 113 of the Third Amended Complaint state a conclusion of law to which no response is required.  To the extent a response is required, Defendants state that Plaintiff is female, and Defendants Jefferies LLC and Jefferies & Company, Inc. state that Plaintiff is over 40 years of age.  Defendant Laub does not have personal knowledge or information sufficient to form a belief as to Plaintiff's age.  Further answering, Defendants specifically deny that Plaintiff's sex, age, or any other protected classification played any role whatsoever in any alleged adverse actions taken in connection Plaintiff's employment and also specifically deny that Plaintiff was subjected to any unlawful conduct on the basis of her sex, age, or any other protected classification. Defendants deny the remaining allegations in Paragraph 113 of the Third Amended Complaint.

114.     Defendants deny the allegations in Paragraph 114 of the Third Amended Complaint.

115.     The allegations in Paragraph 115 of the Third Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendants state that Plaintiff possesses the qualifications for someone in her sales

position, but is not "qualified" in the sense that she always meets the reasonable performance expectations of her employer. Defendants deny the remaining allegations in Paragraph 115 of the Third Amended Complaint.

116.     Defendants deny the allegations in Paragraph 116 of the Third Amended Complaint.

117.     Defendants deny the allegations in Paragraph 117 of the Third Amended Complaint.

118.     Defendants deny the allegations in Paragraph 118 of the Third Amended Complaint.

119.     Defendants deny the allegations in Paragraph 119 of the Third Amended Complaint.

120.     Defendants deny the allegations in Paragraph 120 of the Third Amended Complaint.

121.     Defendants deny the allegations in Paragraph 121 of the Third Amended Complaint.

### COUNT NINE
### (Retaliation – Title VII)

122.     In response to Paragraph 122 of the Third Amended Complaint, Defendants restate and incorporate their admissions, denials, and statements in Paragraphs 1-121 of this Answer.

123.     Defendants deny the allegations in Paragraph 123 of the Third Amended Complaint.

124.     Defendants deny the allegations in Paragraph 124 of the Third Amended Complaint.

125.     Defendants deny the allegations in Paragraph 125 of the Third Amended Complaint.

126.     Defendants deny the allegations in Paragraph 126 of the Third Amended Complaint.

127.     Defendants deny the allegations in Paragraph 127 of the Third Amended Complaint.

128.     Defendants deny the allegations in Paragraph 128 of the Third Amended Complaint.

129.     Defendants deny the allegations in Paragraph 129 of the Third Amended Complaint

## AFFIRMATIVE DEFENSES

1.     Defendants deny each and every allegation in the Third Amended Complaint not specifically admitted herein.

2.     The Third Amended Complaint fails to state a claim upon which relief can be granted.

3.     Contrary to the allegations in the Third Amended Complaint, venue is improper in Cuyahoga County, Ohio.

4.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

5.     Plaintiff's claims may be barred by the doctrines of laches, waiver, and/or estoppel.

6.       Plaintiff's claims are barred because Defendants applied their business judgment, acted at all times in good faith, and had legitimate non-discriminatory reasons for the employment actions taken with respect to Plaintiff.

7.       Plaintiff's claims are barred because Defendant Jefferies LLC had policies and procedures in place designed to prevent and prohibit the conduct alleged in the Third Amended Complaint and Plaintiff did not avail herself of the policies and procedures and, furthermore, to the extent Plaintiff availed herself of the policies and procedures, Defendants took prompt and appropriate remedial action reasonably designed to address the conduct alleged in the Third Amended Complaint.

8.       To the extent Plaintiff has suffered any damages or injuries, which Defendants deny, such damages or injuries were not caused by Defendants' actions or conduct.

9.       To the extent Plaintiff has suffered any damages or injuries, which Defendants deny, Plaintiff has failed to mitigate her damages.

10.       Any damages recovered by Plaintiff must be offset by any compensation (monetary or non-monetary) that Plaintiff received or could have received during the period covered by any damage award.

11.       Defendants did not, at any time, act intentionally, knowingly, willfully, wantonly or with a conscious disregard for any right of Plaintiff, thereby barring any claim for punitive damages.

12.       To the extent Plaintiff is seeking punitive damages, such claims are barred because an award of such damages would violate Defendants' rights.

13.       To the extent Plaintiff is seeking punitive damages, such claims are barred because the alleged acts or omissions of Defendants do not rise to the level required to sustain an

award of punitive damages, do not evidence malicious, reckless, or fraudulent intent to deny Plaintiff her protected rights, are not so wanton or willful as to support an award of punitive damages, and do not otherwise entitle Plaintiff to punitive damages.

14.     To the extent Plaintiff is seeking punitive damages, such claims are barred under various statues pursuant to which Plaintiff asserts her claims.

15.     Plaintiff cannot state a claim for retaliation, because she has not alleged an adverse employment action.

16.     Plaintiff's claims under Title VII and the ADEA are time-barred, because Plaintiff may not assert claims based on any alleged acts prior to June 13, 2017, 300 days before Plaintiff filed her charge with the EEOC.

17.     If Defendants prevail as to Plaintiff's Title VII claims, Defendants will be entitled to reasonable attorneys' fees under 42 U.S.C. §2000e-5(k).  See *Cryst Van Expedited, Inc. v. EEOC*, 136 S.Ct. 1642, 194 L.Ed.2d 707 (2016).

18.     Plaintiff has brought and maintained her claims in bad faith, such that Defendants are entitled to recover their reasonable attorneys' fees and/or costs.

19.     Defendants expressly reserve the right to assert and pursue additional defenses that may become known through discovery or otherwise.

WHEREFORE, Defendants respectfully request that the Third Amended Complaint be dismissed in its entirety with prejudice, that judgment be entered in Defendants' favor, and that they recover their costs and expenses, including reasonable attorney's fees, and such other and further relief to which they may be entitled at law or in equity or as this Court deems just and appropriate.

Respectfully submitted,

*/s/ Monica L. Lacks*
Bruce G. Hearey, admitted *pro hac vice*
Natalie Stevens, admitted *pro hac vice*
Monica L. Lacks, admitted *pro hac vice*
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Key Tower
127 Public Square, Suite 4100
Cleveland, OH  44114
216.241.6100
216.357.4733 (FAX)
bruce.hearey@ogletree.com
natalie.stevens@ogletree.com
monica.lacks@ogletree.com
~ AND ~
1745 Broadway
22nd Floor
New York, New York 10019
212.492.2500
~ AND ~
Jennifer Rygiel-Boyd
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
~ AND ~
1745 Broadway
22nd Floor
New York, New York 10019

*Attorneys for Defendants Jefferies LLC, Jefferies
& Company, Inc. and John Laub*

Dated:

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing *Defendants Jefferies LLC, Jefferies & Company, Inc., and John Laub's Answer to Plaintiff's Third Amended Complaint* was filed with the Court on June 20, 2018.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Monica L. Lacks*
*One of the Attorneys for Defendants Jefferies LLC, Jefferies & Company, Inc. and John Laub*

30249776.1

23