**Ogletree Deakins**

**MEMO ENDORSED**

Monica L. Lacks
216.274.6961
monica.lacks@ogletree.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Sep 14 2018

September 12, 2018

**VIA ECF & FACSIMILE 212-805-6737**
Honorable George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      RE:   *Christine McGrath Kamrass v. Jefferies, LLC, et al.*
             **USDC, Southern District of New York Case No. 1:17-cv-07465**
             **(Defendants' Request for Discovery Conference)**

Dear Judge Daniels:

      Pursuant to SDNY L.R. 37.2, Defendants Jefferies LLC, Jefferies & Company, Inc. and John Laub, request that the Court hold a telephonic conference regarding a dispute as to the location of Plaintiff's deposition in this matter. As set forth below, Defendants maintain that Plaintiff's deposition should take place in New York.

      On August 30, 2018, upon Defendants' request, Plaintiff's counsel advised that Plaintiff would be available for her deposition on one of four designated dates during the first half of November 2018. Defendants noticed Plaintiff's deposition for November 5, 2018, one of the dates designated by Plaintiff, in New York City. Plaintiff objects and maintains that her deposition should take place in Cleveland, Ohio, where she resides and where her lead counsel practices, on the grounds that it is inconvenient and burdensome for her to travel to New York.

      Defendants maintain that Plaintiff's deposition should take place in New York because (1) the action is pending here; (2) the client representative for the corporate defendants, who plans to attend Plaintiff's deposition, is located in New York; (3) the individual defendant John Laub, who plans to attend Plaintiff's deposition, is located in New York; and, (4) Plaintiff has local counsel in New York, who is presumably knowledgeable about the case and competent to defend Plaintiff's deposition. In fact, Plaintiff's local counsel independently appeared at and handled a pre-trial conference in this case.

      Defendants' position is consistent with the law of this Circuit, which provides that, as a general rule, the plaintiff's deposition is to be taken in the district in which the action is pending, absent extenuating circumstances, e.g., where the deponent is physically or financially unable to come to the forum. *Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 387 (2011). *See also Buzzeo v. Board of Education*, 178 F.R.D. 390, 392 (E.D.N.Y.1998) (Party noticing a deposition may set the place for the deposition of another party wherever it wishes, subject to the power of the court to grant a protective order designating a different place). Plaintiff has not

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville
Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis
Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

September 12, 2018
Page 2

articulated any hardship that would warrant taking her deposition in Cleveland. In fact, Plaintiff's sales position with Jefferies requires her to travel routinely, and she earns a base salary of $350,000, such that the expense of travel (particularly when noticed two months in advance) presents a minimal burden for her. Plaintiff and her counsel previously attended a full-day mediation in New York in this case without objection.

In response to Plaintiff's articulated concerns and objection, Defendants, as an alternative, offered to hold Plaintiff's deposition on November 2, 2018 in New York, instead of November 5th, as Plaintiff's division at Jefferies is hosting a conference on November 1st, which Plaintiff is expected to attend. Plaintiff's round trip flight from Cleveland to New York would thus be a reimbursable business expense for her, such that her travel expenses in connection with the deposition would be minimized.

For the above reasons, Defendants respectfully request that the Court schedule a telephonic conference at which the parties and the Court can address and resolve this matter.

    Respectfully submitted,

    OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.
    Monica L. Lacks

/sas
cc via ECF:   Counsel of Record

---

This discovery dispute has been referred to Judge Moses for resolution (Dkt. No. 75). Plaintiff shall respond no later than **Monday, September 17, 2018** in accordance with Part I.B & C of the Court's Individual Practices. Defendants' reply shall be filed no later than **Tuesday, September 18, 2018**. The Court will thereafter advise the parties whether a conference is needed.
**SO ORDERED.**

_____
Barbara Moses, United States Magistrate Judge
September 14, 2018