USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/19/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTINE McGRATH KAMRASS,

    Plaintiff,

-against-

JEFFERIES, LLC, et al.,

    Defendants.

17-CV-7465 (GBD) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons that follow, the deposition of plaintiff Christine McGrath Kamrass shall take place in Cleveland, Ohio.

### Background

Plaintiff lives and works near Cleveland, where she is employed by defendant Jefferies, LLC (together with its affiliates, "Jefferies") as a prime brokerage salesperson. She filed this employment discrimination action on April 7, 2017, in the Cuyahoga County (Ohio) Court of Common Pleas. Defendants removed the case to the United States District Court for the Northern District of Ohio (Dkt. 1), and then moved, successfully, to transfer venue to this Court pursuant to 28 U.S.C. § 1404(a), relying on a New York forum selection clause in plaintiff's 2012 employment agreement with Jefferies. (Dkt. Nos. 4, 20.)

Plaintiff is represented here by the two Ohio-based attorneys who prepared her original Complaint, and by two New Jersey-based attorneys who appeared in this Court after the case was transferred. (Dkt. Nos. 28, 29.) Similarly, defendants are represented here by three Ohio-based attorneys, all of whom initially appeared in the Northern District of Ohio, and by a New York-based attorney who is Of Counsel to the same firm. All five Ohio attorneys have been admitted to this Court *pro hac vice*. (Dkt. Nos. 27, 34, 42, 43, 52.)

On December 19, 2017, plaintiff and her counsel attended a full-day mediation in New York. The mediation was unsuccessful. (Dkt. No. 50.)

By letter dated September 12, 2018 (Dkt. No. 74), defendants seek an order compelling plaintiff to return to New York to sit for her deposition, in accordance with the "general rule" that "the plaintiff's deposition is to be taken in the district in which the action is pending." *Id.* at 1 (citing *Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 387 (S.D.N.Y. 2011) ("as a general rule, a plaintiff, having selected the forum in which the suit is brought, will be required to make himself or herself available for examination there")).

By letter dated September 17, 2018 (Dkt. No. 77), plaintiff opposes the application, pointing out that the general rule has "little force" where "the choice of forum was effectively dictated by the defendant." *Id.* at 1 (quoting *Imperial Chemicals Indus., PLC v. Barr Labs., Inc.*, 126 F.R.D. 467, 472 (S.D.N.Y. 1989)). Plaintiff also asserts that it is the parties' lead counsel, based in Cleveland, who will conduct and defend the deposition. Pl. Ltr. dated Sept. 17, 2018, at 2. Plaintiff seeks an order requiring that the deposition take place in Cleveland. *Id.* at 3.

By letter dated September 18, 2018 (Dkt. No. 78), defendants assert that plaintiff "essentially elected her forum" when she signed her employment agreement. *Id.* at 3. They further argue that plaintiff should not be relieved of the obligation to appear in New York on "hardship" grounds because she earns a substantial salary and travels frequently for work. *Id.* at 1, 3.

The District Judge has referred the dispute to me for decision. (Dkt. No. 75.)

### Analysis

This Court has "broad discretion" to condition discovery on "such terms as are just." *Imperial Chemicals*, 126 F.R.D. at 472, including "substantial discretion to determine the site of a deposition." *Lewis v. Madej*, 2016 WL 590236, at *3 (S.D.N.Y. Feb. 11, 2016) (quoting *Robert*

*Smalls Inc. v. Hamilton*, 2010 WL 2541177, at *1 (S.D.N.Y. June 10, 2010)). *See also* Fed. R. Civ. P. 26(c)(1)(B) (court may specify "terms" of discovery, "including time and place or the allocation of expenses"). In resolving such a dispute, the Court properly considers all relevant factors, including "[t]he factors of cost, convenience, and litigation efficiency," *Lewis*, 2016 WL 590236, at *3, "always guided by the proposition that the Federal Rules of Civil Procedure 'shall be administered to secure the just, speedy and inexpensive determination of every action.'" *Normande v. Grippo*, 2002 WL 59427, at *1 (S.D.N.Y. Jan. 16, 2002) (quoting Fed. R. Civ. P. 1). *See also Estate of Gerasimenko*, 272 F.R.D. at 390 (S.D.N.Y. 2011) (quoting *Robert Smalls,* 2010 WL 2541177, at *1) (any "presumption" about the location of a deposition "is 'merely a decision rule that facilitates determination' when other relevant factors – for example, cost, convenience, and litigation efficiency – do not favor one side over the other.")

In this case, I conclude that plaintiff has the better end of the efficiency argument. Not only is she in Cleveland; so are all parties' lead counsel. Plaintiff asserts – and defendants do not deny – that these are the lawyers who will be taking and defending the deposition. Thus, holding the deposition in Cleveland will almost certainly be more efficient, more convenient for the witness and for counsel, and less expensive in the aggregate than requiring plaintiff, plus her lawyers, plus at least some of defendants' lawyers, to travel to New York for that purpose.[1]

Defendants point out that individual defendant John Laub, who has a right to attend the deposition, is based in New York. Def. Ltr. dated Sept. 12, 2018, at 1. In addition, they state, a

---

[1] Defendants note that their counsel have "voiced no objection to holding the deposition in New York." Def. Ltr. dated Sept. 18, 2018, at 3. All this means, however, is that defendants are willing to subject *both* sides to unnecessary expense and inconvenience in order to control the location of plaintiff's deposition. I therefore do not find this point persuasive. Similarly, the fact that plaintiff is a well-paid employee is not a good reason, standing alone, for this Court to require her – and both sides' lawyers – to travel to New York for a deposition that could be more efficiently conducted without any of them getting on a plane.

3

New York-based Jefferies representative plans to attend. *Id.* It will of course be more convenient for these two individuals if the deposition is in New York. Their interests as observers, however, are properly outweighed by the interests of the witness and the lawyers who will be taking and defending the deposition. Moreover, defendants are free to arrange a video link (for example, via Skype or Facetime) that would permit Mr. Laub and the corporate representative to observe the deposition, in "real time," from wherever they are that day. Thus the factors of "cost, convenience, and litigation efficiency" weigh in favor of taking the deposition in Cleveland, greatly diminishing the force of any presumption about the location of plaintiff's deposition. *Estate of Gerasimenko*, 272 F.R.D. at 390; *Lewis*, 2016 WL 590236, at *3.

I also conclude that the "general rule" upon which defendants rely does not apply straightforwardly to the facts of this case. "The basis for requiring plaintiff to come to the forum for the taking of his or her deposition in most cases is that plaintiff has selected the forum." 8A Charles A. Wright, Arthur R. Miller, & Robert L. Marcus, *Federal Practice and Procedure* § 2112, at 531. (3d ed. 2010). However, "if the plaintiff had no choice of forum to begin with, there seems very little reason to give weight to the selection of the forum as against facts indicating that another place for taking the deposition would be more just." *Id.* at 531-32.

In this case, the plaintiff did not affirmatively choose to sue in the Southern District of New York. She filed her claims in an Ohio state court and, after removal, made every effort to keep the case in an Ohio federal court. However, "when the parties' contract contains a valid forum selection clause . . . the plaintiff's choice of forum 'merits no weight.'" *Kamrass v. Jefferies LLC*, No. 1:17 CV 964, slip op. at 4 (N.D. Ohio Sept. 26, 2017) (quoting *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. Of Tex.*, 134 S. Ct. 568, 581-82 (2013)). The Northern District of Ohio therefore transferred the case to this Court, ruling that by "accepting" the terms of her 2012

employment agreement, plaintiff "agree[d]" that any action with respect to her employment shall be brought in New York. *Kamrass v. Jefferies*, slip op. at 5.

Plaintiff does not deny that she voluntarily accepted the benefits of a contract with a New York choice of law clause. Nonetheless, "the reasons that allow attributing primacy to the plaintiff's choice of forum do not exist here in the same sense or to the same degree that they do in cases where a plaintiff chooses among available forums." *Fast Food Gourmet v. Little Lady Foods*, 2007 WL 188014, at *3 (N.D. Ill. Jan. 23, 2007) (holding that a corporate plaintiff's choice of forum is not "outcome-determinative" in a dispute over the location of its officers' depositions where the choice was constrained by a contractual forum-selection clause). In *Fast Food Gourmet*, the court concluded that it would be more appropriate to require two of the plaintiff's officers to come to the forum for deposition "rather than requiring two sets of lawyers to travel to the witness' places of residence." 2007 WL 188014, at *3. Here, as I have explained, the efficiency calculus comes out differently.

## Conclusion

For the reasons stated above, defendants' letter-application is DENIED, plaintiff's letter-application is GRANTED, and the parties are directed to arrange for the deposition of the plaintiff on a mutually convenient date in or near Cleveland, Ohio.

This Order disposes of Dkt. No. 76.

Dated: New York, New York
September 19, 2018

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

5