UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
CHRISTINE MCGRATH KAMRASS,   :

       Plaintiff,   :

  -against-   :

JEFFERIES LLC, et al.,   :

       Defendants.   :
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

17 Civ. 7465 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Christine McGrath Kamrass brings this employment discrimination action against Defendants Jefferies, LLC, Jefferies & Company Inc.,[1] and John Laub. On November 19, 2020, this Court partially granted Defendants' motion for summary judgment and dismissed all of Plaintiff's claims, except her claims of gender discrimination under Title VII of the Civil Rights Act of 1964 and the Ohio Fair Employment Act, Ohio R.C. 4112.01 *et seq.* (the "Ohio Act"). (Mem. Decision and Order ("Decision"), ECF No. 110.) Defendants now move for reconsideration of this Court's decision to deny summary judgment on Plaintiff's Ohio Act sex discrimination claims. (Defs.' Notice of Mot. for Recons. of the Ct.'s Order Den. Summ. J. on Count I of the Third Am. Compl., ECF No. 114.) Defendants' motion is DENIED.

## I. LEGAL STANDARDS

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (citation omitted). "The standard for

---

[1] Defendants Jefferies, LLC and Jefferies & Company Inc. are referred to, interchangeably, as "Jefferies" throughout this opinion.

granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Indeed, a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citations omitted); *see also Weiss v. El Al Isr. Airlines, Ltd.*, 471 F. Supp. 2d 356, 358 (S.D.N.Y. 2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue.").

## II. DEFENDANTS' MOTION FOR RECONSIDERATION IS DENIED

Defendants' motion cannot be characterized as anything but an attempt to take a second bite of the apple. In their initial motion, Defendants argued that "this Court should dismiss Plaintiff's Ohio Act claims, because such claims can only be brought against an 'employer' and Jefferies does not qualify as such." (Decision at 17 n.14.). Under the Ohio Act, an "employer" is a "person employing four or more persons within the state, and any person acting directly or indirectly in the interest of the employer." Ohio Rev. Code Ann. § 4112.01(A)(2). Defendants alleged that Plaintiff has been the only employee of Jefferies in Ohio since July 2014. (Decision at 18 n.4.) Plaintiff, however, presented evidence that created a disputed issue of fact. Specifically, Plaintiff cited Laub's testimony that from 2014 to present, Jefferies has had four or more employees servicing Ohio-based clients. (*Id.*)

Defendants now argue that this Court failed to recognize a distinction in Laub's testimony between employees who service Ohio-based clients from within Ohio and those who do so from

outside the state. (Defs.' Mem. in Supp. of Mot. for Recons. of the Ct.'s Order Den. Summ. J. on Count One of the Third Am. Compl., ECF No. 116, at 4; Reply in Supp. of Defs.' Mot. for Recons. of the Ct.'s Order Den. Summ. J. on Count One of the Third Am. Compl., ECF No. 117, at 2.) This Court did not overlook this testimony or Defendants' assertion that Plaintiff has been the only person employed by Jefferies in Ohio since July 2014. To the contrary, this Court noted that whether people who serviced Ohio-based clients are to be considered employees for purposes of the Ohio Act "depend[s] upon the nature and extent of the work they did *in Ohio, if any.*" (Decision at 18 n.4 (emphasis added).) Laub, however, did not testify regarding the details of the work conducted by those who serviced Ohio-based clients. Moreover, Defendants have not provided discovery regarding individuals who performed work within Ohio. (*Id.*) Accordingly, construing the record in the light most favorable to Plaintiff and drawing all reasonable inferences in her favor, this Court concluded that Defendants had not satisfied their burden of demonstrating that no genuine issue of material fact exists as to whether Jefferies employed four or more persons in Ohio.

To be sure, this Court has not weighed the evidence or assessed the credibility of the relevant testimony and such an analysis would be inappropriate on a motion for summary judgment. At this stage, Plaintiff has done enough to raise a sufficient issue of material fact. Final determination of whether Jefferies qualifies as an "employer" under the Ohio Act is appropriately reserved for the jury.

Defendants' motion for reconsideration, (ECF No. 114), is DENIED. The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
      February 10, 2021

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

3